```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SHAWN BESSARD                                    CIVIL ACTION

versus                                           NO. 06-9026
                                                 C/W 07-6103

OMEGA PROTEIN, INC.,                             SECTION: E/3
```

**RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Omega Protein, Inc. ("Omega") filed a motion for partial summary judgment dismissing plaintiff Shawn Bessard's ("Bessard") claims of unseaworthiness against Omega. R.d. #33. Bessard opposes the motion. The motion was considered on the briefs without oral argument. The court is now prepared to rule.

## BACKGROUND

Bessard was employed as a Jones Act seaman by Omega aboard its vessel the F/V BULLDOG. The F/V BULLDOG is a fishing vessel, or "poagie boat" engaged in menhaden fishing in the Gulf of Mexico. He claims that on May 9, 2006, he seriously injured his back when he was on deck assisting with the retrieval of the fish catch. He brought suit against Omega alleging negligence and the unseaworthiness of the vessel, and asserts a demand for general damages and for maintenance and cure.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ.P.

56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986).  An issue is material if its resolution could affect the outcome of the action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See* Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."  Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations."  Id.

Under general maritime law, a ship owner has an absolute duty to provide a seaworthy vessel to seamen employed as the crew of the vessel.  Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550 (1960).  The ship owner is not obligated, however, to furnish an accident-free ship.  Id.  Rather, seaworthiness requires only that "a vessel and its appurtenances must be reasonably suited for the purpose or use for which they were intended."  Id.

A vessel's unseaworthiness may arise from a variety of circumstances, including an unfit crew, an improper method of loading cargo, and an insufficient number of crew assigned to perform a shipboard task.  Boothe v. Diamond Offshore Management Co., 2002 WL 31106366 (E.D. La. 9/20/02), *citing* Usner v. Luckenback, 400 U.S. 494, 91 S.Ct. 514 (1971). The vessel itself may not be inherently unseaworthy, but the negligence of a crew member in the manner of operating an otherwise seaworthy vessel may create a condition which renders that vessel unseaworthy. Daughdrill v. Ocean Drilling and Exploration Co., 709 F.Supp. 710 (E.D.La. 3/07/1989).

Omega argues that Bessard was properly trained and supervised during his employment by Omega, and that the task he was performing at the time of his injury was part of his regular responsibilities, and one that he had performed on countless occasions during his employment.  It argues that it "seems implausible that after performing this task routinely for an entire season, [Bessard] would still lack proper training." Omega Memorandum, p. 5.  Omega also asserts that adequate personnel was on board the vessel at the time of Bessard's accident.  In support of its argument, Omega points to a statement made by Bessard immediately after the "alleged accident" that there was nothing wrong with the vessel or the line at the time of his alleged injury (Omega Ex. "D") and a

-3-

statement in his deposition that he had no recollection of anything being wrong with the vessel or the line at the time of his injury (Omega Ex. "A").

Bessard has produced evidence that the weather conditions were a factor at the time of the accident, and that the "catch" that he was assisting with was exceedingly heavy.  He produced for the Court his entire deposition, over 200 pages in length, and portions of the depositions of Tyrone Sellers, William Ladnier, Michael Borsarge, and Captain Dale Cameron, along with a Forensic Meteorology Report and the Captian's Daily Fishing Reports.  The Court concludes that Bessard has raised multiple genuine issues of material fact as to whether the F/V BULLDOG was unseaworthy at the time Bessard suffered his injury.  The issue of unseaworthiness must be deferred to trial.

Accordingly,

**IT IS ORDERED** that Omega's motion for partial summary judgment (r.d. #33) is **DENIED.**

New Orleans, Louisiana, October 10, 2007.

*[signature]*

**MARCEL LIVAUDAIS, JR.**
Senior United  States District Judge