UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAWN BESSARD                                                    CIVIL ACTION

versus                                                           NO. 06-9026
                                                                 C/W 07-6103

OMEGA PROTEIN, INC.,                                             SECTION: E/3

**RULING ON MOTION TO DIMISS OR ALTERNATIVELY,
FOR SUMMARY JUDGMENT**

Defendant Omega Protein, Inc. ("Omega") filed a second[1] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Record document #77. Bessard opposes the motion. The motion was considered on the briefs without oral argument. The court is now prepared to rule.

**BACKGROUND**

Bessard was employed as a Jones Act seaman by Omega aboard its vessel the F/V BULLDOG, a "poagie boat" engaged in menhaden fishing in the Gulf of Mexico. In April 2005, prior to the start of the 2005 fishing season, Omega directed Bessard to undergo a physical examination at Med Excel.[2] The examination by Dr. D. Link Silar included an MRI on April 13, 2005. Bessard reported

---

[1] Omega first filed these alternative motions on November 26, 2007, at r.d. #52, which were set for hearing on December 19, 2007. On December 11, 2007, the Court granted Bessard's Exparte/Consent Motion to continue the motions without date to allow Bessard to amend and supplement his Complaint, C.A. No. 07-6103. R.d. #55.

[2] These facts are taken from Bessard's Seaman's Complaint for Damages, C.A. 07-6103, r.d. #1 filed September 27, 2007, and First Supplemental and Amending Complaint for Damages, C.A. 07-6103, r.d. #63, filed January 22, 2008, and from Omega's Statement of Uncontested Facts, r.d. #77-2 and Bessard's Statement of Contested Material Facts, r.d. #83-2.

to Omega on April 18, 2005, and worked for the entire season. As is customary in the seasonal fishing industry, Bessard was laid off at the end of the season. Prior to the 2006 fishing season, Omega contacted Bessard and again directed him to undergo a physical examination on March 24, 2006. This examination did not include an MRI. Bessard began work on April 17, 2006, the start of the 2006 fishing season. Bessard claims that on May 9, 2006, he injured his back when he was on deck assisting with the retrieval of the fish catch.

Bessard initially brought suit against Omega on October 26, 2006, Civil Action No. 06-9026, alleging negligence under the Jones Act and unseaworthiness of the vessel under general maritime law, and asserting a demand for general damages and for maintenance and cure. In its Answer to Bessard's Complaint, as its Tenth Defense Omega alleged that Bessard's injury was the result of a pre-existing condition for which Omega is not responsible. Bessard responded by filing a new lawsuit[3], C.A. No. 07-6103, that incorporated the allegations in C.A. 06-9026, and added two paragraphs alleging defendant's negligence in declaring Bessard "fit for duty" after his 2006 physical examination, and for failure to warn him of a potentially harmful

---

[3]Since the time allowed for amendments to C.A. 06-9026 had expired, Bessard filed a motion for leave to file amended complaint before the Magistrate Judge. R.d. #14. Ultimately, the Magistrate Judge dismissed Bessard's motion as moot because he had filed C.A. 07-6103, which was consolidated with C.A. 06-9026. R.d. #46.

pre-existing medical condition at the time he was hired.  *See* C.A. 07-6103, ¶¶ VII and VIII.  After Omega filed its first Rule 12(b)(6) motion to dismiss, or alternatively for summary judgment, r.d. #52, Bessard filed a First Supplemental and Amending Complaint, r.d. #63, adding the following allegations, among others, to C.A. 07-6103:

> IV(a).
>
> On April 12, 2005, SHAWN BESSARD underwent a post-offer employment-related physical examination at the instruction of OMEGA under the care of Dr. D. Link Silar.  As part of this physical examination, SHAWN BESSARD underwent an MRI scan of his back, which indicated two herniated discs at L4-5 and L5-S1, and a "small, central annual tear" at L-5-S1.  Plaintiff SHAWN BESSARD was not made aware of this condition.
>
> IV(b).
>
> OMEGA had a duty to inform plaintiff, a Jones Act seaman, of the findings on Dr. Silar's MRI, which created a potential hazard to both plaintiff and his co-employees.  Plaintiff relied on the assertions of the examining physician and OMEGA in finding him "fit for duty."  OMEGA's duty to inform the plaintiff of his condition arose from the employer/employee relationship between OMEGA and SHAWN BESSARD.
>
> IV(c).
>
> The results of the April 2005 physical became a permanent part of SHAWN BESSARD's employment records maintained by OMEGA from April 2005 through the date of his accident and injury, on or about May 9, 2006.

>                        IV(d).
>
>        Plaintiff underwent a second physical
>     examination on March 24, 2006, and despite
>     the findings of his 2005 MRI, which were
>     maintained in OMEGA's files, plaintiff SHAWN
>     BESSARD was again declared "fit for duty."
>     Again, OMEGA failed to notify SHAWN BESSARD
>     of the condition of his back.

Omega subsequently filed this second Rule 12(b)(6) motion to dismiss, or alternatively for summary judgment, r.d. #77, which re-urges its previous motion filed at r.d. #52.

## ANALYSIS

Dismissal of a complaint pursuant to F.R.Civ.P. 12(b)(6) is proper only if the pleadings on their face reveal beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief, or if an affirmative defense or other bar to relief appears on the face of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court restated the accepted pleading standard: "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1968.  The court must assume that the allegations in plaintiff's complaint are true, and must resolve any doubt regarding the sufficiency of plaintiff's claims in his favor. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278 (5th Cir. 1993). Nevertheless, a plaintiff must plead specific facts, not mere

-4-

conclusional allegations, to avoid dismissal for failure to state a claim.  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).  A complaint may be dismissed if it fails to allege an element of a claim necessary to obtain relief.  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).[4]

Omega argues that Bessard's First Supplemental and Amending Complaint should be dismissed because it fails to state a claim against Omega for which relief can be granted for two reasons: (1) recovery under the Jones Act requires the existence of an employer/employee relationship, and no such relationship existed between Bessard and Omega on April 13, 2005 or March 24, 2006, when Bessard underwent his "pre-employment" physicals; and (2) any negligence claim against Omega arising from his "pre-employment" physicals would be governed by Louisiana delictual law, not the Jones Act, and the one year prescriptive period had run prior to his filing the First Supplemental and Amending Complaint.

I.

Omega cites Pennington v. Pacific Coast Transport Co., 419 F.2d 122 (5th Cir. 1969) in support of its argument that no employment relationship exited at the time of a pre-employment

---

[4] Pursuant to Rule 12(b), if matters outside of the pleadings are considered in a Rule 12(b)(6) motion, the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56...."  Because the Court did not consider matters outside of the pleadings, the motion is decided pursuant to the Rule 12(b)(6) standard.

physical.  As in Bessard's case, Pennington was sent for a pre-employment physical conducted by an independent contractor of the defendant's choosing.  During Pennington's examination, the physician noticed and inquired about a scar on Pennington's back.  *See, generally,* Id., 123-124.  Pennington replied simply that the doctor who had treated that injury recommended that he return to work.  Id.  The examining doctor made no further inquiry and his report merely noted the previous surgery and that Pennington had denied any further trouble.  Id.  Pennington subsequently suffered an injury in defendant's employ and sued defendant alleging that the injury was caused by the negligence of the physician who conducted the pre-employment physical.  Id.

The Fifth Circuit affirmed the district court's grant of summary judgment.  "In order to recover under the Jones Act, a seaman must sustain his injury 'in the course and scope of his employment', 46 U.S.C. § 688, and the relationship of employee-employer must exist."  Id., at 124 (citation omitted).  Finding that no employer-employee relationship existed between Pennington and Pacific Coast at the time of the pre-employment physical, the Fifth Circuit concluded that there could be no recovery as a matter of law.  Id.  The Court then observed that the pre-employment physical examination was "a precaution taken by Pacific Coast prior to hiring Pennington to determine if he was physically fit for" the intended employment.  Id., at 125.

Even assuming (without specifically deciding) that Bessard was not an employee of Omega at the time he underwent the two "pre-employment" physical examinations, the <u>Pennington</u> case is distinguishable from this case.  Bessard does not allege negligence on the part of the physician(s) who conducted his "pre-employment" physical examinations; rather, he alleges negligence on the part of Omega, *after* his employment began on April 18, 2005, and on April 17, 2006, alleging that Omega found him "fit for duty" in spite of the findings shown by the MRI in 2005, and that Omega failed to restrict his duties or to warn him that his MRI report indicated two herniated discs at L4-5 and L5-S1, and a "small, central annual tear" at L-5-S1.

Omega does not dispute that the MRI report was maintained in its personnel records, nor does it dispute the findings contained in the report.  It argues instead that it can't be expected to have known the results of Bessard's MRI because the Americans with Disabilities Act[5] requires that the results of the pre-employment physical examination must be maintained in a confidential medical record separate from the general personnel file, and that only "supervisors and managers may be informed regarding  necessary restrictions on the work or duties of the employee..."  *See* Omega Reply Memorandum, pp. 2-3.  It also argues that it relied on the report of the examining physician

---

[5] 42 U.S.C. §12112(c)(3)(B).

who did not specifically inform Omega that Bessard was not "fit for duty". *See* Omega's Reply Memorandum, Ex. A, deposition testimony of Peggy Vidrine. The argument is disingenuous.

As the Fifth Circuit observed in <u>Pennington</u>, the purpose of an employer requiring a pre-employment physical examination is to determine if the prospective employee was physically fit for the intended employment. Omega required that Bessard undergo the physical examinations prior to reporting for work in 2005 and 2006; it selected and paid the physicians who performed the physical examinations; it received the records and reports regarding the examinations, which were maintained in the appropriate personnel file in Omega's possession during the periods of Bessard's employment by Omega and accessible to the appropriate Omega personnel. Omega must be deemed to have knowledge of the results of the required physical examinations and the 2005 MIR report under these facts.

II.

Jones Act cases follow cases brought pursuant to the Federal Employee's Liability Act ("FELA") 46 U.S.C. § 30104. <u>Withhart v. Otto Candies, LLC</u>, 431 F.3d 840, 843 (5th Cir. 12/2/05). Bessard cites <u>Isgett v. Seaboard Coast Line Railroad Co.</u>, 332 F.Supp. 1127 (D.C.S.C. 1971), a FELA case, in support of his claim that Omega had a duty to restrict his duties or to warn him that he was not "fit for duty" based on the results of his 2005 pre-

employment physical examination.  The Isgett court held:

> If an employer undertakes to ascertain whether an employee is physically fit for the job or to diagnose or treat his condition, the employer is liable if he performs such ascertainment in a negligent fashion and injury results.  Gunston v. United States (N.D.Cal. 1964), 235 F.supp. 349, affirmed 9 Cir., 358 F.2d 303.  This duty is not peculiar to railroads but applies to all employers.

Id., at 1141.  Omega argues that Isgett is a non-binding district court decision involving FELA, and that it does not trump the Fifth Circuit's decision on Pennington.  This Court has already distinguished Pennington from this case, and finds the Isgett case to be well reasoned and persuasive on the issue of an employer's duty to its employees when the employer has required a "pre-employment" physical examination to determine whether a potential employee is fit for the intended employment.[6]

### III.

The Court concludes that Bessard has stated a claim under the Jones Act sufficient to survive Omega's rule 12(b)(6) motion to dismiss.

---

[6] It is not necessary to reach the issue of prescription.  A three-year statute of limitations governs actions under the Jones Act and general maritime law.  Taurel v. Central Gulf Lines, Inc., 947 F.2d 769, 771 (5th Cir. 1991) *citing* 46 App. U.S.C. § 688 (adopting the FELA limitations period in 45 U.S.C. § 56).  Assuming that Bessard's claim arose at the earliest on April 18, 2005, the date he first reported to Omega for work, or at the latest on May 9, 2006, when he allegedly sustained an injury, he had until April 18, 2008, at the earliest or May 9, 2009 at the latest, to file suit making the specific claim at issue here.  He filed C.A. 07-6103 making that claim on September 27, 2007.

Accordingly,

**IT IS ORDERED** that Omega's motion to dismiss or, alternatively, for partial summary judgment (r.d. #55, 77) is **DENIED.**

New Orleans, Louisiana, April 10, 2008.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge