UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHAWN BESSARD                                                         NO. 06-9026

VERSUS                                                                SECTION "E"

OMEGA PROTEIN, INC.                                                   MAGISTRATE (3)

**MEMORANDUM IN SUPPORT OF OMEGA'S
MOTION IN LIMINE TO CROSS-EXAMINE
PLAINTIFF'S EXPERT ABOUT PRIOR MALPRACTICE COMPLAINT**

**MAY IT PLEASE THE COURT:**

The plaintiff, Shawn Bessard, has been examined by Dr. Mark McDonnell on two occasions. Dr. McDonnell recommended that the plaintiff undergo a lumbar fusion with instrumentation at L4-S1. Every other doctor who has seen the plaintiff has not recommended such surgery. A crucial element of the case then will be whether the jury puts more faith in Dr. McDonnell's recommendations than in the defense experts' recommendations for the plaintiff's recovery.

The Texas State Board of Medical Examiners filed a formal Complaint against Dr. McDonnell in 2005.[1] This complaint arose because Dr. McDonnell recommended and performed unnecessary surgeries for patients exhibiting back and neck pain.[2] To bring a conclusion to these investigations, Dr. McDonnell voluntarily surrendered his license to practice medicine in the State of Texas, with a promise to never seek reinstatement.[3]

---

[1] See Exhibit A, "Complaint"
[2] *Id.*
[3] See Exhibit B, "Disposition of Contested Cases by Agreed Stipulation."

Omega has filed the present motion to obtain a ruling on whether this surrender is a proper topic of questioning during the cross examination of Dr. McDonnell.

Federal Rule of Evidence 608(b) allows for a party to cross-examine a witness based on specific instances of that witness' conduct.  The cross-examination of an expert generally allows for more latitude in the questions put to the witness than is permissible in the cross-examination of ordinary opinion witnesses.[4]  Federal Rule of Evidence 104(e) allows a party to introduce before the jury "evidence relevant to weight or credibility" of the expert's testimony.  Questions of the credibility and weight of expert testimony are for the trier of facts.[5]  Just as the bias or prejudice of an expert may be shown on cross-examination as an independent fact even though it protracts the trial by introducing a new issue, the incompetency of a professed expert may also be shown in the same way and for the same reason, that is because it may demonstrate that otherwise persuasive testimony cannot be relied upon.[6]

Federal Rule of Evidence 404(b) allows that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Defendant does not intend to question Dr. McDonnell on his license relinquishment to question his character.  Rather, defendant will question Dr. McDonnell on the basis for his expertise.  An expert opens himself up to "an evaluation of [his] credibility and experience," and Rule 404(b) does not apply to prior acts that go to credibility and

---

[4] 11 A.L.R. 5th 1 entitled "Propriety of Questioning Expert Witness Regarding Specific Instance for Allegations of Expert's Unprofessional Conduct or Professional Negligence, George L. Blum.
[5] *U.S. v. Jackson*, 19 F.3d 1003, 1007 (C.A. 5(Tex), 1994).
[6] 11 A.L.R. 5th 1 entitled "Propriety of Questioning Expert Witness Regarding Specific Instance for Allegations of Expert's Unprofessional Conduct or Professional Negligence, George L. Blum.

experience.[7]  Plaintiff has stipulated that McDonnell, the treating physician, will be offering expert testimony.[8] Moreover, experts and treating physicians are subject to the same level of scrutiny.[9] Defendant merely intends for the line of questioning to discuss what weight should go to Dr. McDonnell's medical opinion: the question is not his character, it is only his credibility and experience.  Therefore, Rule 404(b) does not apply.

The defendant acknowledges that in and of itself, the voluntary surrender of a license in reaction to an investigation might not be a proper topic of impeachment or cross-examination.[10]  In *Noble v. Lanche*, the only case found involving an expert witness' voluntary surrender of a medical license, the defendant attempted to impeach the plaintiff's expert through the introduction of evidence that the expert had surrendered his license to dispense narcotics due to his own drug abuse.[11]  The court found that such evidence had no relevance as to the doctor's qualifications, credibility, skill or knowledge, or to the value and accuracy of his opinion on whether the defendant had committed medical malpractice.[12]

The present matter, however, is distinguishable from *Noble*.  In *Noble*, the defendant attempted to discredit an expert based on an activity having no relation to the matter before the court.  Dr. McDonnell, on the other hand, surrendered his license to practice in Texas for performing unnecessary spinal surgeries – exactly the same type of surgery he recommends for the plaintiff in the present matter.  Omega does not seek to explore this

---

[7] *Waconda v. U.S.*, 2007 WL 2461624 (D. N.M. 2007) (holding that doctor in a malpractice suit cannot be questioned on his own prior malpractice suits, while that doctor's experts *can* be questioned on *their* prior malpractice suits, because the experts' credibility and experience are at issue).
[8] See Plaintiff's List of Witnesses and Exhibits (CM/ECF Doc. No. 98)
[9] *Turner v. Iowa Fire Equipment Co.* 229 F.3d 1202, 1207 (8th Cir. 2000) (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 151 (1999).)
[10] *Noble v. Lanche*, 735 S.W.2d 63 (E.D. Mo. 1987).
[11] *Id*.
[12] *Id*.

topic on cross-examination to call into question Dr. McDonnell's general character for truthfulness or credibility. Rather, Omega seeks to use this evidence only to call into question the weight that should be assigned Dr. McDonnell's opinion that Bessard's alleged injury necessitates surgery. As a result, this evidence is directly relevant to the case in point and, as such, should be allowed. In *Noble*, the court found that the doctor's drug abuse did not relate to his skill, knowledge and qualifications to express an expert's opinion on the matters before the court. In the present matter, the conduct which caused the doctor to surrender his license is the same type of conduct upon which he bases his testimony in this matter. Therefore, it is directly relevant and should be a proper subject for cross examination.

The present matter is more akin to *Navarro de Cosme v. Hospital Pavia*.[13] In *Navarro*, the district court allowed the defendants to question the plaintiff's medical expert about his involvement as a defendant in three prior malpractice suits. The First Circuit Court of Appeals, upholding this decision, wrote "In this case, it is clear that the matters under inquiry on the cross-examination of Dr. Hernandez Cibes all pertained to his credibility as a witness. Hence, the district court did not err in permitting the cross-examination of Dr. Hernandez Cibes, and there is no indication of bias."[14] The same logic should apply to the present matter.

For the foregoing reasons, the defendant, Omega Protein, prays that its Motion *in Limine* be granted, and that the defendants be allowed to question Dr. Mark McDonnell on

---

[13] 922 F.2d 926 (C.A.1 (Puerto Rico) 1991).
[14] *Id*. at 933.

cross-examination about the Complaint filed against him by the Texas Medical Board, and about his subsequent surrender of his license to practice in Texas.

>Respectfully submitted,
>
>**DUNCAN, COURINGTON & RYDBERG, L.L.C.**
>
>_/s/_ _Elton F Duncan III_
>_____
>**ELTON F. DUNCAN III, T.A. (#14967)**
>**KELLEY A. SEVIN (#25871)**
>400 Poydras Street, Suite 1200
>New Orleans, LA  70130
>Telephone: (504) 524-5566
>Facsimile: (504) 524-9003
>E-Mail: eduncan@duncour.com
>E-Mail: ksevin@duncour.com
>Attorneys for defendant, Omega Protein, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record, via e-mail, through CM/ECF electronic filing, this 3rd day of June, 2008.

_/s/_ _Elton F Duncan III_
_____