UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAWN BESSARD                                                CIVIL ACTION

versus                                                       NO. 06-9026
                                                             C/W 07-6103

OMEGA PROTEIN, INC.,                                         SECTION: E/3

### RULING ON MOTION TO STRIKE

Plaintiff Shawn Bessard ("Bessard") filed a motion to strike his former attorney, James P. Lambert, as a witness form defendant Omega Protein, Inc. ("Omega").  Record document #102. Omega opposes the motion. The motion was considered on the briefs without oral argument.  The court is now prepared to rule.

### ANALYSIS

This matter arises out of claims filed by Bessard as a result of as alleged injury to his back incurred when he was assisting with the retrieval of a fish catch on May 9, 2006.  The matter is set for a jury trial on June 24, 2008.  On April 14, 2008, Omega filed its "Updated Witness List", at record document #96.  Included on that list, at item #40, is James P. Lambert, Bessard's prior attorney in this matter.  Bessard argues that Lambert should be stricken as a witness because any testimony that he may provide would be protected by the attorney-client privilege regarding his representation of Bessard.

The attorney-client privilege shields confidential communications between a client and attorney, made for the purpose of seeking legal assistance or services, from admission

in court proceedings.  Lefevre v. Cain, 2008 WL 718135, *2 (E.D.La.), *citing* In re: Grand Jury Proceedings, 517 F.2d 666, 670 (5th Cir. 1975).  "[T]he Fifth Circuit has observed that the attorney-client 'privilege **is to be construed narrowly** to apply only where its application would serve its purpose.'" Lefevre, at *3, *quoting* U.S. v. Robinson, 121 F.3d 971, 975 (5th Cir. 1997)(emphasis added in Lefevre), *cert. denied,* 118 S.Ct. (1998).

Omega argues that it would call Lambert only as a rebuttal witness, and then for the limited purpose of establishing the fact of Lambert's prior representation of Bessard, and that Lambert received Dr. Miller's report regarding Bessard's prognosis prior to withdrawing from his representation of Bessard.[1]  Dr. Miller is listed on Bessard's Witness and Exhibit List, filed April 14, 2008, at r.d.#98.  He may therefore be available to Omega on cross examination.

The Court finds that a blanket prohibition of Lambert's testimony is not warranted.  If and when the issue arises at trial, the Court will determine whether the specific testimony Omega intends to elicit from Lambert is inextricably related to

---

[1] Omega's Ex. "A", attached to its Memorandum in Opposition, is a letter to Bessard's current counsel offering to withdraw Lambert as a witness if counsel would stipulate to: (1) admission into evidence of Lambert's letter dated July 25, 2006, to Dr. Miller informing him that Lambert no longer represented Bessard; (2) that Lambert withdrew from his representation of Bessard; and (3) that Lambert received Dr. Miller's report regarding Bessard's prognosis.  Ex. "A" includes a response letter from Bessard's counsel refusing to so stipulate, claiming that such a stipulation would be invasive of Bessard's attorney-client privilege.

Lambert's providing legal assistance or services to Bessard such that the information solicited is privileged and the attorney-client privilege applies.

Accordingly,

**IT IS ORDERED** that Bessard's motion to strike James P. Lambert as a witness for Omega is **DENIED.**

New Orleans, Louisiana, June 4, 2008.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge